# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

PATRICIA IVY                                    CIVIL ACTION NO. 22-4689

VERSUS                                          JUDGE S. MAURICE HICKS, JR.

UNITED SERVICES                                 MAGISTRATE JUDGE LEBLANC
AUTOMOBILE ASSOCIATION

## MEMORANDUM RULING

Before the Court are two motions: United Services Automobile Association's ("USAA") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) (Record Document 23) and Plaintiff Patricia Ivy's ("Ivy") Motion for Leave to File First Supplemental and Amending Complaint (Record Document 26). Both motions have been opposed. See Record Documents 27 & 31. USAA filed a reply in relation to its Rule 12(b)(1) Motion to Dismiss. See Record Document 32. The motions are now ripe for ruling.

The Rule 12(b)(1) motion asserts that this Court has no subject matter jurisdiction over this diversity case because the original plaintiff, a Louisiana citizen, shares citizenship with the sole original defendant, USAA. See Record Document 23. Ivy's motion acknowledges that the complaint names the wrong USAA entity and seeks leave to amend the complaint to correct what is described as a misnomer. See Record Document 26.

After careful consideration of the motions, the responses and replies thereto, and the applicable law, and for the reasons that follow, USAA's Rule 12(b)(1) Motion to Dismiss (Record Document 23) is **GRANTED** and this matter is **DISMISSED WITHOUT**

**PREJUDICE** for lack of subject matter jurisdiction.  Additionally, Ivy's Motion for Leave to File First Supplemental and Amending Complaint (Record Document 26) is **DENIED**.

I.     BACKGROUND

Ivy brought this diversity action against USAA on August 25, 2022.  See Record Document 1.  The complaint alleges that USAA issued a policy of insurance providing coverage for damage to Ivy's property in Haughton, Louisiana, caused by Hurricanes Laura and Delta on or about August 27, 2020, and October 9, 2020, respectively.  See id.  The complaint alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are of diverse citizenship.  The complaint further alleges that Ivy is a citizen of Louisiana, and that USAA is a citizen of Texas.  See id. at 2.

The complaint was filed on Ivy's behalf by attorneys associated with McClenny Moseley & Associates, PLLC ("MMA"), all of whom have since been temporarily suspended from practice in this district.  See Record Document 13.  After identifying numerous irregularities in hurricane-related lawsuits filed by MMA, the district judge stayed this and similar litigation on October 21, 2022.  See Record Document 5.  After the Court lifted the litigation stay (Record Document 16), USAA filed the Motion to Dismiss that is now before the Court.  See Record Document 23.  Ivy's new counsel then filed the Motion for Leave to File First Supplemental and Amending Complaint that is likewise now before the Court.  See Record Document 26.  Both motions have been fully briefed and are ripe for resolution.

## II. THE PARTIES' ARGUMENTS

Both parties acknowledge that Ivy misnamed her insurer in the original complaint against USAA and that a separate but affiliated entity is her insurer. See Record Documents 23, 26. The parties disagree about whether this error may be corrected through amendment.

### A. Defense Arguments Favoring Dismissal

USAA argues that this Court has no subject matter jurisdiction over this matter from its inception, and that the Court therefore lacks authority to grant Ivy's Motion for Leave to File First Supplemental and Amending Complaint. See Record Documents 23 & 31. It argues, and the Court agrees, that multiple federal courts have held that USAA is a reciprocal insurance organization that has members in all 50 states, and therefore is a citizen of Louisiana for diversity purposes. See Record Document 23 at 2; see, e.g., Fields v. Progressive Cas. Ins. Co., No. 21-477, 2022 WL 324028, at *3 (M.D. La. Jan. 18, 2022). USAA reasons that because there is no diversity of citizenship over the original dispute in this matter, there can be no jurisdiction to allow amendment. USAA also argues that amendment would be futile, but because this Court dismisses on jurisdictional grounds, it does not address the futility issue.

### B. Plaintiff's Arguments Favoring Amendment

Under Rule 15 of the Federal Rules of Civil Procedure, courts are instructed to grant leave to amend when justice so requires, and Ivy argues that the interests of equity and justice favor allowing amendment here. See Fed. R. Civ. P. 15(a); Record Document 26. Ivy's motion asks the Court to "remove[] United Services Automobile Association as a defendant and substitute[] in its place USAA Casualty Insurance Company and/or

USAA General Indemnity Company." Record Document 26 at 2.  Ivy argues that the original complaint merely misnamed the insurer.  See Record Document 27 at 2.  She cites to cases in which courts allowed correction of a misnamed plaintiff, discussed below.  See id.

### III.    ANALYSIS

A motion under Rule 12(b)(1) attacks a court's jurisdiction to hear and decide the case. Fed. R. Civ. P. 12(b)(1).  "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994)).  There is no basis for federal question jurisdiction in this case because Ivy raises only state-law claims. See 28 U.S.C. § 1331.  As for diversity jurisdiction under 28 U.S.C. § 1332, Ivy must show complete diversity of citizenship and an amount in controversy greater than $75,000, exclusive of interest and costs.  Complete diversity means that each plaintiff must have different citizenship from each defendant.  See Getty Oil Corp. v. Insurance Co. of N. Am., 841 F.2d 1254, 1258 (5th Cir. 1988).  In other words, a federal court cannot exercise jurisdiction if any plaintiff is a citizen of the same state as any defendant.  See Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003).  The burden lies with the party seeking to invoke the court's jurisdiction.  See Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

Diversity of citizenship must be judged at the time the action commences.  See Grupo Dataflux v. Atlas Glob. Grp., L.P., 124 S. Ct. 1920, 1925–26 (2004).  In this case, the only parties at the time the action commenced shared Louisiana citizenship and were therefore not diverse.  The lack of diversity jurisdiction cannot be remedied by amendment

of the complaint because amendment cannot be used to "retroactively create jurisdiction." Whitmire v. Victus Ltd., 212 F.3d 885, 890 (5th Cir. 2000).

The United States Court of Appeals for the Fifth Circuit has repeatedly cautioned that actual defects in jurisdiction cannot be cured through amendment. "Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction, it may not be created by amendment." Id. at 888 (quoting Moore et al., Moore's Federal Practice § 15.14[3], at 15–34 (3d ed. 1999)). In a case in which a corporate plaintiff attempted to amend its complaint to substitute an affiliate as plaintiff, the Fifth Circuit agreed with the district court that the amendment was without effect because "if the court did not have jurisdiction at the time the suit was filed, it had no jurisdiction over the amended complaint." Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 773 (5th Cir. 1986). The same reasoning applies here.

Ivy argues that the naming of USAA as the original defendant was a mere misnomer, and that courts should grant leave to correct misnomers. See Record Document 27. But the cases to which plaintiff cites do not involve the jurisdictional defect affecting this case. See Roberts v. Michaels, 219 F.3d 775, 779 (8th Cir. 2000) (granting leave to amend where plaintiff misnamed defendant-employer, but timely served the complaint on its president and general manager, such that the employer received actual notice of the suit); Grandey v. Pac. Indem. Co., 217 F.2d 27, 28–29 (5th Cir. 1954) (overturning a judgment dismissing an appeal of an administrative decision as untimely, where plaintiff incorrectly named the defendant but "[t]he mistake in name did not mislead or cause any prejudice to the [defendant]"). In fact, in one of those cases, the court notes that the case does *not* involve the very situation before the court now: "the question of

substituting a new party for an actually existing party defendant." Grandey, 217 F.2d at 29.

This Court emphasizes that this is not a matter of merely curing defective jurisdictional *allegations*, which would be permitted by amendment. See Whitmire, 212 F.3d at 888 (holding that, where diversity of citizenship existed from the inception of the litigation, and plaintiffs' claims supporting federal question jurisdiction were dismissed, the failure to allege diversity jurisdiction at the outset was curable through amendment). Nor does this case involve the principal the Supreme Court recognized in Caterpillar Inc. v. Lewis, 117 S. Ct. 467, 471–75, 477 (1996), in which an unrecognized jurisdictional defect was cured before trial and judgment by dismissing the non-diverse defendant. See also 16 Front St., L.L.C. v. Mississippi Silicon, L.L.C., 886 F.3d 549, 556 (5th Cir. 2018).

Rather, the instant case involves an attempt to amend to replace the sole, non-diverse defendant with a diverse defendant.  "[W]hen a federal court lacks jurisdiction over the original complaint, as is the instant situation, the Federal Rules of Procedure do not allow the addition of a new party to create jurisdiction." United States v. U.S. Fid. & Guar. Co., 959 F. Supp. 345, 347 (E.D. La. 1996) (finding federal statute under which plaintiff sued inapplicable and denying request to amend to cure jurisdictional defect); but see Gilbert v. United Servs. Auto. Ass'n., No. 07-5278, 2008 WL 696208, at *3 (E.D. La. Mar. 13, 2008) (distinguishing U.S. Fid. & Guar. Co. and discerning basis to exercise supplemental jurisdiction over claims against USAA, where an amended complaint stated federal question claims against another USAA entity).

## IV.     CONCLUSION

For the foregoing reasons, USAA's Rule 12(b)(1) (Record Document 23) is hereby **GRANTED** and this matter is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  Additionally, Ivy's Motion for Leave to File First Supplemental and Amending Complaint (Record Document 26) is **DENIED** as **MOOT** because, having no jurisdiction over the original complaint, the Court has no authority to grant leave to amend it.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 20th day of March, 2024.

_____
United States District Judge